## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARY KATHLEEN AUXIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 14 C 2632** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner** | ) | **Magistrate Judge Susan E. Cox** |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Mary Kathleen Auxier ("Plaintiff") appeals the Commissioner of Social Security's decision to deny her Social Security disability benefits under Title II of the Social Security Act. We hereby grant plaintiff's motion for summary judgment [dkt. 20] and deny the Commissioner's motion for summary judgment [dkt. 28]. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

## STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision to deny her Social Security disability benefits under Title II of the Social Security Act.[1] A motion for summary judgment has been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). We will construe plaintiff's memorandum in support of reversing the decision of the Commissioner as a motion. For the reasons outlined below, we grant plaintiff's motion and deny the Commissioner's motion. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

Plaintiff claims that she has been disabled since April 25, 2011, due to back and leg pain, three bulging discs in her back, left hip strain, seizure disorder, obesity, and cataracts.[2] Plaintiff

---

[1] *See* 42 U.S.C. §§ 404(g), 216(i), 223(d).
[2] R. at 62, 241, 512, 591.

applied for disability benefits on June 23, 2011.[3] Her application was denied by the Social

Security Administration;[4] Plaintiff filed a request for a hearing before an Administrative Law

Judge ("ALJ").[5] A hearing was held on November 14, 2012, in front of ALJ Janice M. Bruning.

Following the hearing, the ALJ determined, *inter alia*, that: 1) the plaintiff has not

engaged in substantial gainful activity since April 25, 2011; 2) the ALJ determined that

plaintiff's severe impairments include a lumbosacral tear with surgery, lumbar ridiculopathy, left

hip strain, obesity, and seizure disorder; 3) the Plaintiff's impairments do not meet, either

individually or in combination, the severity requirements of the listing in 20 CFR 404, Subpart P,

Appendix 1; 4) the Plaintiff has the Residual Functional Capacity ("RFC") necessary to perform

sedentary work as defined in 20 CFR 404.157(a) and 416.967(a), but plaintiff should never climb

ladders, ropes, or scaffolds, should not more than occasionally balance, kneel, stoop, crawl, or

bend, should be given the opportunity to stand for 1-2 minutes after sitting for 45 minutes, be

allowed to use a cane to get to her work station, and should avoid even moderate exposure to

work hazards such as unprotected heights and dangerous moving machinery; 5) given the

previously determined RFC, the ALJ believes that the claimant is capable of performing her past

work as a telephone solicitor which does not require any work-related activities precluded by the

aforementioned RFC.

Although, the ALJ found that the Plaintiff's impairments could reasonably be expected to

cause Plaintiff's symptoms, she believed that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of these symptoms are not entirely credible." [6] The ALJ cites

---

[3] R. 117-120.
[4] R. at 62-66.
[5] R. at 67-68.
[6] R. at 21.

claimant's testimony that she enjoys watching her grandchildren and walking,[7] as well as medical evidence stating that Plaintiff's pain had improved since having surgery and that her motor strength was normal as evidence to support the RFC determination to support her findings.[8] The Plaintiff reported at the hearing that she was able to stand for about five minutes and sit for 20 to 30 minutes at a time before needing to stand for a minute or two. She also estimates that she could lift up to 10 pounds occasionally, walk about one block, and because of her vision problems can only focus about 10 to 20 minutes at a time.[9] During the hearing the ALJ asked the vocational expert ("VE") if a sit/stand option involving standing every 30 minutes would preclude the Plaintiff from her previous work, and the VE testified that it would. [10]

The ALJ ruled that "[w]hile the undersigned concludes that the claimant's impairments result in some work-related limitations, the evidence, including the claimant's testimony, does not persuade the undersigned that she should be precluded from all work activity."[11] Taking the Plaintiff's limitations into account, the ALJ cleared Plaintiff to perform sedentary work.[12] Additional stipulations were added, including that she should never climb ladders, ropes, or scaffolds, and should not more than occasionally balance, kneel, stoop, crawl, or bend. Also, she should be given the opportunity to stand for 1-2 minutes after sitting for 45 minutes and be allowed to use a cane to get to her work station. She should avoid even moderate exposure to work hazards such as unprotected heights and dangerous moving machinery.

---

[7] R. at 438.
[8] R. at 588.
[9] R. 29-58.
[10] R. at 55.
[11] R. at 21.
[12] R. at 20

**DISCUSSION**

## I.     STANDARD OF REVIEW

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act,[13] if it is supported by substantial evidence, and if it is free of legal error.[14] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[15] Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[16] A "minimal[] articulat[ion] of her justification" is enough.[17]

## II.    THE ALJ FAILED TO BUILD A "LOGICAL BRIDGE" BETWEEN THE RECORD AND THE LIMITATIONS SPECIFIED IN THE RFC DETERMINATION.

In this case, the ALJ failed to build a "logical bridge" between the medical evidence on the record, and her RFC determination that Plaintiff is capable of performing "sedentary work," provided that Plaintiff is given the opportunity to stand for 1-2 minutes after sitting for 45 minutes, and is allowed to use a cane to get to her work station.[18]   Because those limitations are not found in the medical records, the testimony of the medical consultant, or the opinion of the VE, the ALJ has failed articulate any support for those limitations.  In fact, it appears that the ALJ fabricated those limitations entirely out of whole cloth.  Therefore, the ALJ has failed to provide the requisite "logical bridge," and this case must be remanded.

It was the ALJ's responsibility to provide at least some evidence contradicting Plaintiff's claim, and supporting the ALJ's proposed limitations. "While the ALJ need not articulate his

---

[13] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[14] 42 U.S.C. § 405(g).
[15] *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
[16] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[17] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).
[18] R. at 20.

reasons for rejecting every piece of evidence, he must at least minimally discuss a claimant's evidence that contradicts the Commissioner's position." [19] The Plaintiff testified that she can sit for 20 to 30 minutes at a time before needing to stand. [20] Plaintiff further stated that she can only crochet for 5-10 minutes at a time and said that she must sit periodically while doing the dishes. Plaintiff did state that she can do laundry as long as she is able to sit. [21] In an attempt to discredit the Plaintiff's stated limitations, the ALJ noted that the Plaintiff admitted to "enjoy[ing] crocheting and [] sit[ing] while doing dishes and laundry." [22] Given that the Plaintiff's testimony reveals that she can only crochet for 5-10 minutes and sits periodically while doing the dishes, this evidence does not support the ALJ's RFC determination.

To further support his opinion, the ALJ stated that "the undersigned accords some weight to the findings of the medical consultant, Dr. Rosamond," [23] while determining the Plaintiff's RFC. However, the ability to sit for 45 minutes at a time before needing to stand is not anywhere to be found in Dr. Rosamond's testimony. [24] Nor is any such limitation mentioned anywhere else in the record outside of the RFC determination. Therefore, Dr. Rosamond's testimony does not support the ALJ's findings that Plaintiff can work, as long as she can sit for 45 minutes at a time, and is does not constitute the necessary "logical bridge."

During the hearing, the ALJ asked the VE whether Plaintiff could perform any of her past work given the RFC determination mentioned above, to which the VE testified that she could perform her old job as a telephone solicitor. The ALJ relied on this opinion to support her finding that Plaintiff was not disabled. However, the VE was also asked if a sit/stand option of

---

[19] *Godbey v. Apfel*, 238 F.3d 803, 808(7th Cir. 2000).
[20] R. at 41.
[21] R. at 43, 45.
[22] R. at 24.
[23] R. at 23.
[24] R. 407-413.

sitting for 30 minutes before standing for 1-2 would allow for her to hold this job. The VE responded that it would preclude her from performing that job, given that it was not long enough to satisfy productivity requirements. [25] Therefore, the VE's testimony actually supports a finding that the Plaintiff's own self-reported limitations would preclude her from doing any work. As noted above, the ALJ failed to explain why Plaintiff's testimony should be discredited, and also failed to support the 45 minute limitation that was posited to the VE. As such, the VE's testimony does not support the ALJ's finding, and, if anything, supports the Plaintiff's claim that she cannot work.

Given the lack of support for her opinion, the ALJ did not draw the "logical bridge" between the medical records (*i.e.*, the Plaintiff's claim of only being capable of sitting for 20 to 30 minutes at a time) and her ability to perform under the specified RFC restrictions (*i.e.*, Plaintiff's ability to sit 45 minutes at a time followed by standing for 1 to 2 minutes). Failing to do so was legal error, and the ALJ's decision is reversed.

## CONCLUSION

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 20] and the Commissioner's motion for summary judgment is hereby denied [dkt. 28].

**ENTER:**

**DATED:** July 20, 2015

_____

Susan E. Cox
United States Magistrate Judge

---

[25] R. at 55.